<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TONY THORPE,

                Plaintiff,                CIVIL NO. 06-3259 (GEB)

    v.

STATE OF NEW JERSEY,

                Defendant.           **MEMORANDUM OPINION**

**<u>BROWN, Chief District Judge</u>**

      This matter comes before the Court upon Defendant State of New Jersey (hereinafter "Defendant") Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) [Docket Entry # 7].  The Court, having read and fully considered all of the parties' submissions, has decided this matter without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

      Plaintiff Tony Thorpe (hereinafter "Plaintiff") filed a Complaint on July 19, 2006.  The Complaint alleges civil rights violations pursuant to Title 42, United States Code, Section 1981 and violations of due process pursuant to the Fifth Amendment to the United States Constitution, as well as a state law claim of negligence.

      Specifically, Plaintiff's Complaint alleges that he has three children with an individual by the name of Jeanine Watt.  Plaintiff alleges that at a certain point, he no longer resided with Ms. Watt and was in the process of attempting to gain custody of the children.  Plaintiff further

alleges that on or about August 1, 2004, after Plaintiff's separation with Ms. Watt and during his attempts to gain custody of the three children, Ms. Watt left the children unsupervised at a hotel pool.  Hotel security allegedly discovered that the children were unsupervised and contacted DYFS, who then took custody of the three children (as well as two older children who were the product of a previous union between Ms. Watt and another individual).

Plaintiff asserts that DYFS thereafter placed the three children in foster care, denying Plaintiff custody for approximately one year.  Plaintiff further argues that during the time DYFS was in "possession" of the children, they were denied medical care for "over one week."  Plaintiff argues that DYFS should have given the children to him as he was not present at the time of the hotel incident, and because he "had engaged in no [previous] wrongdoing."  (Compl. at p. 3).

## II.   DEFENDANT'S MOTION

On February 21, 2007, Defendant filed the instant Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6).  Defendant filed the motion in lieu of an Answer to Plaintiff's Complaint. In its Motions to Dismiss, Defendant asserts that Plaintiff's § 1981 claims are actually more appropriately pled as § 1983 claims.  Defendant further argues that under § 1983, a state, or by implication a state agency (i.e. DYFS) cannot be subject to a § 1983 suit as neither can be considered by definition a "person".

Defendant also argues that even if the State of New Jersey and/or DYFS could be considered persons under § 1983, they are nevertheless immune from suit pursuant to the Eleventh Amendment of the United States Constitution.

Finally, Defendant argues that Plaintiff's state law claims should be dismissed as Plaintiff failed to file a Notice of Claim as required by the New Jersey Tort Claims Act.  However, Defendant argues, should this Court not dismiss Plaintiff's state law claims, the Court should nevertheless refuse to exercise supplemental jurisdiction and remove Plaintiff's Complaint to state court.

## III.   STANDARD OF REVIEW

A motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Complaint as true, and viewing them in the light most favorable to Plaintiff, Plaintiff is not entitled to relief.  *Oran v. Stafford*, 226 F.3d 275, 279 (3d Cir. 2000); *Langford v. City of Atl. City*, 235 F.3d 845, 850 (3d Cir. 2000); *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986).  The Court may not dismiss the Complaint unless a plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985), *cert. denied*, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Birmingham Bd. of Educ.*, 125 S. Ct. 1497, 1510 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citing *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); *see also Langford*, 235 F.3d at 850; *Dykes v. SE. Pa. Transp. Auth.*, 68 F.3d 1564, 1565, n.1 (3d Cir. 1995), *cert. denied*, 517 U.S. 1142 (1996);

*Piecknick v. Commw. of Pa.*, 36 F.3d 1250, 1255 (3d Cir. 1994); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the claim."  *Ransom* v. *Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ( "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

## IV.    DISCUSSION

### A.    Eleventh Amendment

Plaintiff argues in his opposition to Defendant's Motion improperly alters his § 1981 claim to a § 1983 claim.  However, § 1983 is the applicable statute because it proscribes discrimination under color of state law, which is what is alleged here, while § 1981 proscribes discrimination by private parties.  *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 735-36 (1989) (holding "that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.").

The Court concludes, however, that neither a § 1981 nor a § 1983 claim can survive in accordance with the Eleventh Amendment.

Specifically, the Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  The Eleventh Amendment does not explicitly prohibit lawsuits by a State's own citizens, but the United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662-663 (1974).  Thus, "for over a century now, [the Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (citing *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999); *Seminole Tribe of Florida v. Florida*, 507 U.S. 44 (1996)).  Therefore, absent waiver, neither a state, nor agencies under its control may be subjected to lawsuits in federal court.  *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 473 (1987).  Eleventh Amendment immunity constitutes an affirmative defense and, as such, it must be shown by the party seeking to assert the benefit of immunity.  *See Christy v. Pennsylvania Tpk. Comm'n,* 54 F.3d 1140, 1144 (3d Cir. 1995).  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Board of Trustees of the Univ. of Alabama v. Garrett*, 121 S. Ct. 955, 962 (2001) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)).

The Eleventh Amendment therefore deprives a federal court the jurisdiction to adjudicate a plaintiff's civil rights claims for damages pursuant to 42 U.S.C. Sections 1981, 1983 and 1985. Cimino v. Delaware Dept. of Labor, 2002 WL 265095 (D.Delaware 2002).  Because Plaintiff's only named defendant is the State of New Jersey, and because by implication the only other defendant that could be assumed would be an agency of State of New Jersey, specifically DYFS, Plaintiff is prohibited from suing Defendant in federal court.[1]

**B.      Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367(c)(3), district courts have discretion to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction."  The Third Circuit has held that "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); *accord Markowitz v. Northeast Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court.").

Here, the Court is not persuaded that the above factors weigh in favor of exercising jurisdiction or that the parties will be unduly prejudiced by allowing a state court to address the remaining state law claims.  Accordingly, in the interest of judicial economy, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28

---

[1]  The Court finds no indication in Plaintiff's Complaint that he received consent to sue Defendant, and for purposes of this motion, the Court will assume none was given.

-6-

U.S.C. § 1367(c)(3) and those claims are hereby dismissed for lack of jurisdiction.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to F.R.Civ.P. 12(b)(6) is GRANTED.


s/Garrett E. Brown, Jr.
**GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**


Dated: May   9th   , 2007